13-395
Lin v. Holder

BIA
A077 957 393

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

SHAO LIN LIN, A.K.A. TRACY HUM,
*Petitioner,*

v.                                                  13-395
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Erica B. Miles, Senior
                       Litigation Counsel; Jesse Lloyd
                       Busen, Attorney, Civil Division,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shao Lin Lin, a native and citizen of China, seeks review of a January 14, 2013 decision of the BIA denying her motion to reopen. *In Shao Lin Lin, a.k.a. Tracy Hum*, No. A077 957 393 (B.I.A. Jan. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored," *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)), and the agency's factual findings regarding country conditions under the substantial evidence standard, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. 1229a(c)(7)(C)(i); 8 C.F.R. 1003.2(c)(2). However, this time limitation does not apply if the motion is "based on changed country conditions

2

arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. 1229a(c)(7)(C)(ii); 8 C.F.R. 1003.2(c)(3)(ii).

It is undisputed that Lin's motion to reopen was untimely; she filed it nearly eight years after the agency rendered its final decision. The BIA determined that she failed to carry her heavy burden of demonstrating material changed country conditions that would excuse her delay. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 251, 258 (BIA 2007)); 8 U.S.C. 1229a(c)(7)(C)(ii). The BIA "compare[d] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below," and concluded that mistreatment of Christian groups in China represents not a change in conditions, but rather a longstanding and ongoing problem. *Matter of S-Y-G-*, 24 I. & N. Dec. at 253. This was no abuse of discretion. *See, e.g., Matter of S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Similarly, the agency was within its discretion to conclude that Lin's motion was predicated on a change in her personal circumstances – converting to Christianity – rather than a change in China. As this Court has admonished, "[a] self-induced change in personal circumstances cannot suffice" to excuse an untimely motion to reopen. *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

The agency was entitled to give little weight to a letter from Lin's friend in China because it was not notarized and was prepared specifically for Lin's motion. *See, e.g., Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished evidentiary weight to letters from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). In any event, the letter said nothing about changed country conditions. *Matter of S-Y-G-*, 24 I. & N. Dec. at 253.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk